**RECEIVED** OCT 22 2014
Clerk, U.S. District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| ROBERT H. GRIFFIN,<br><br>Petitioner,<br><br>vs.<br><br>COMMANDER SMITH, WARDEN; ATTORNEY GENERAL OF THE STATE OF MONTANA,<br><br>Respondents. | Cause No. CV 14-256-M-DLC-JCL<br><br>ORDER and FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE |

On October 23, 2014, Petitioner Robert H. Griffin moved to proceed in forma pauperis with this action under 28 U.S.C. § 2254. Griffin is a state prisoner proceeding pro se.

The petition should be dismissed without prejudice. Griffin is a pretrial detainee who challenges the factual basis of his detention and the manner in which legal proceedings on his pending criminal charge are being conducted. Pet. (Doc. 1) at 4-5 ¶¶ 13A-13B. Before he may proceed in this Court, Griffin must exhaust his state judicial remedies with respect to his claims by using the state's normal channels for original and appellate review. *See Rose v. Lundy*, 455 U.S. 509, 520 (1981) (providing "a simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court."). This exhaustion requirement means that he must see the state proceedings

1

through, from beginning to conclusion in the trial court, any appeal, and any postconviction proceedings. Griffin may file a federal habeas petition after he has properly exhausted available state remedies as to each claim for relief he wants the federal court to hear. *Slack v. McDaniel*, 529 U.S. 473, 485-86 (2000). In addition, should he obtain an adjudication of a habeas petition from this Court, he likely will not be able to obtain another adjudication on other grounds at a later time; in other words, in federal court, there is a strong "one-petition" rule. 28 U.S.C. § 2244(b).

A certificate of appealability, 28 U.S.C. § 2253(c)(2), is not appropriate. Reasonable jurists would not find any properly exhausted claim in Griffin's petition. There is no reason to encourage further proceedings in this Court at this time. *Gonzalez v. Thaler*, __ U.S. __, 132 S. Ct. 641, 648 (2012) (quoting *Slack*, 529 U.S. at 484).

Based on the foregoing, the Court enters the following:

### ORDER

Griffin's motion to proceed in forma pauperis (Doc. 2) is GRANTED. The Clerk of Court shall waive payment of the filing fee.

The Court also enters the following:

### RECOMMENDATION

1. Griffin's petition (Doc. 1) should be DISMISSED as unexhausted.

2. The Clerk of Court should be directed to enter, by separate document, a judgment of dismissal.

3. A certificate of appealability should be DENIED.

**NOTICE OF RIGHT TO OBJECT
TO FINDINGS & RECOMMENDATION
AND CONSEQUENCES OF FAILURE TO OBJECT**

Griffin may object to this Findings and Recommendation within 14 days.[1] 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

<u>Griffin must immediately notify the Court of any change in his mailing address</u> by filing a "Notice of Change of Address." Failure to do so may result in dismissal of this action without notice to him.

DATED this 23rd day of October, 2014.

_Jeremiah C. Lynch_
Jeremiah C. Lynch
United States Magistrate Judge

---

[1] As this deadline allows a party to act within 14 days after the Findings and Recommendation is "served," Fed. R. Civ. P. 6(d) applies, and three days are added after the time would otherwise expire.

3